UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALEXIS SUTTER,                                              :
                                                           :
                                    Plaintiff,             :
                                                           :
            -against-                                      :
                                                           :          **FIRST AMENDED**
THE CITY OF NEW YORK; ILBEY AYKAC;                         :          **COMPLAINT**
MICHAEL COSTA; JOSHUA FARANDA;                             :
THOMAS McCUE; EDWIN REYES; JESSE                           :          **Jury Trial Demanded**
ULLGER; and JOHN/JANE DOES, Nos. 1-10                     :
(the names John and Jane Doe being fictitious, as          :          **ECF Case**
the true names are presently unknown),                     :
                                                           :          14 Civ. 6317 (NRB) (RNE)
                                    Defendants.            :
------------------------------------------------------------------------x

Plaintiff ALEXIS SUTTER, by her attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.      The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff ALEXIS SUTTER is a resident of the City, County, and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant ILBEY AYKAC (Shield No. 28612) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Aykac was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Aykac is being sued in his individual capacity.

10.     Defendant MICHAEL COSTA (Shield No. 11583) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Costa was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Costa is being sued in his individual capacity.

11.     Defendant JOSHUA FARANDA (Shield No. 31043) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Faranda was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Faranda is being sued in his individual capacity.

2

12.     Defendant THOMAS McCUE (Shield No. 25893) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant McCue was a police officer assigned to the 825 Command.  Defendant McCue is being sued in his individual capacity.

13.     Defendant EDWIN REYES is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Reyes was a Sergeant assigned to the 825 Command.  Defendant Reyes is being sued in his individual capacity.

14.     Defendant JESSE ULLGER (Shield No. 30637) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Ullger was a police officer assigned to the Housing Borough Manhattan Impact Response Team.  Defendant Ullger is being sued in his individual capacity.

15.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual capacities.

16.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

17.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from

3

the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

18.     On Thursday evening, May 16, 2013, at about 9:45 p.m., plaintiff Alexis Sutter was lawfully present -- talking to a friend -- on the public sidewalk in the vicinity of 1841 Lexington Avenue on the east side of Lexington Avenue in East Harlem.

19.     Suddenly, plaintiff heard screams coming from across the street.

20.     Plaintiff crossed to the west side of Lexington Avenue to find out what was happening.

21.     As plaintiff entered the courtyard in front of the apartment building at 1840 Lexington Avenue, she saw two male police officers arresting her god-brother Kyle Taylor.

22.     Other civilians present were protesting the arrest, because Mr. Taylor had apparently committed no crime or offense.

23.     Plaintiff approached the officers and asked them why they were arresting Mr. Taylor.

24.     An officer asked plaintiff to move back.

25.     As plaintiff moved back, she noticed Mr. Taylor's cellphone fall out of his pocket.

26.     Plaintiff reached down to pick up Mr. Taylor's cellphone, so that it would not be lost or stolen.

27.     When plaintiff reached down to pick up Mr. Taylor's cellphone, a male officer threw her to the ground with such force that plaintiff's halter top fell off, exposing her breasts to the civilians present, including friends and neighbors.

28.     Feeling terribly embarrassed, plaintiff hurriedly picked herself up off the ground, quickly pulled the halter up to cover her breasts, and began walking away.

4

29.     As plaintiff walked away, a number of male officers grabbed plaintiff from behind and threw her against and over a three-feet-high metal fence.

30.     Plaintiff instinctively reached out with her hands to brace her fall, so that she would not land on her head, suffering injuries to both wrists as a result.

31.     Male officers next pushed plaintiff's legs straight up in the air, causing her skirt to slip down below her waist and exposing her panties to the civilians present, including friends and neighbors.

32.     The officers used more force than was reasonably necessary to take plaintiff into custody.

33.     Plaintiff did not provoke the police assault on her and offered no physical resistance.

34.     During the assault, officers called plaintiff a "black bitch," a "nigger," and a "project girl."

35.     An officer put excessively tight handcuffs on plaintiff.

36.     Plaintiff asked officers to loosen the handcuffs but they refused to do so.

37.     Plaintiff was taken to the Police Service Area 5 precinct ("PSA 5"), where she was held until the next morning.

38.     While plaintiff was held at PSA 5, a female officer made plaintiff loosen her halter top and shake her breasts, even though officers already knew that plaintiff had no weapons or contraband on her, as they had earlier caused plaintiff's halter to fall off in the courtyard in front of the apartment building at 1840 Lexington Avenue.

39.     In connection with plaintiff's arrest, officers, including defendants Aykac, Costa, Faranda, McCue, Reyes, and Ullger, filed a false and misleading report and made false and misleading statements to the New York County District Attorney ("District Attorney") regarding the circumstances of the arrest.  As a result, the District Attorney decided to prosecute plaintiff.

40.     At about 8:00 a.m. on Friday, May 17, 2013, plaintiff was taken to Central Booking at 100 Centre Street in Manhattan.

41.     At about 6:30 p.m. on Friday, May 17, 2013, plaintiff was arraigned in the Criminal Court of the City of New York, New York County, at 100 Centre Street in Manhattan and charged with obstructing governmental administration in the second degree, resisting arrest, disorderly conduct, and harassment in the second degree in a complaint sworn to by defendant Costa.

42.     Plaintiff pleaded not guilty to the charges, because the allegations were false and she was innocent of all charges.

43.     At about 7:00 p.m. on Friday, May 17, 2013, plaintiff was released from custody, after approximately 21 hours in custody.

44.     On November 19, 2013, after plaintiff had made several court appearances, the criminal case against her was dismissed and sealed.

45.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of her constitutional rights.

### FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

46.     Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47.     Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

48.     Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

50.     Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983)

52.     Plaintiff repeats and realleges paragraphs "1" through "51" with the same force and effect as if they were fully set forth herein.

53.     Defendants, acting in concert and within the scope of their authority, discriminated against plaintiff based on race, thus denying her equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

54.     Plaintiff repeats and realleges paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

55.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

56.     Plaintiff repeats and realleges paragraphs "1" through "55" with the same force and effect as if they were fully set forth herein.

57.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Violation of Right to Fair Trial Claim under 42 U.S.C. § 1983)

58.     Plaintiff repeats and realleges paragraphs "1" through "57" with the same force and effect as if they were fully set forth herein.

59.     Defendants created false, fabricated evidence against plaintiff and used that evidence against plaintiff in legal proceedings, causing plaintiff to suffer a violation of her constitutional rights to a fair trial, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF

### (Failure to Intervene Claim Under 42 U.S.C. § 1983)

60.     Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, thus violating plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

62.     Plaintiff repeats and realleges paragraphs "1" through "61" with the same force and effect as if they were fully set forth herein.

63.     Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

64.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

65.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

66.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

## NINTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

67.     Plaintiff repeats and realleges paragraphs "1" through "66" with the same force and effect as if they were fully set forth herein.

9

68.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## TENTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

69.     Plaintiff repeats and realleges paragraphs "1" through "68" with the same force and effect as if they were fully set forth herein.

70.     Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## ELEVENTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

71.     Plaintiff repeats and realleges paragraphs "1" through "70" with the same force and effect as if they were fully set forth herein.

72.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## TWELFTH CLAIM FOR RELIEF

### (Free Speech Claim Under the New York Law)

73.     Plaintiff repeats and realleges paragraphs "1" through "72" with the same force and effect as if they were fully set forth herein.

74.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## THIRTEENTH CLAIM FOR RELIEF

### (Equal Protection Claim Under New York Law)

75.     Plaintiff repeats and realleges paragraphs "1" through "74" with the same force and effect as if they were fully set forth herein.

76.     Defendants, acting in concert and within the scope of their authority, discriminated against plaintiff based on race, in violation of plaintiff's right to equal protection of the laws under Article 1, Section 11 of the New York State Constitution.

## FOURTEENTH CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under New York Law)

77.     Plaintiff repeats and realleges paragraphs "1" through "76" with the same force and effect as if they were fully set forth herein.

78.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense.

## FIFTEENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

79.     Plaintiff repeats and realleges paragraphs "1" through "78" with the same force and effect as if they were fully set forth herein.

80.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor.

## SIXTEENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

81.     Plaintiff repeats and realleges paragraphs "1" through "80" with the same force and

effect as if they were fully set forth herein.

82.     The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## SEVENTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

83.     Plaintiff repeats and realleges paragraphs "1" through "82" with the same force and effect as if they were fully set forth herein.

84.     The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## EIGHTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

85.     Plaintiff repeats and realleges paragraphs "1" through "84" with the same force and effect as if they were fully set forth herein.

86.     The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)     Compensatory damages in an amount to be determined at trial;

(B)     Punitive damages in an amount to be determined at trial;

(C)     Reasonable attorney's fees and costs of this litigation; and

(D)     Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
February 2, 2015

Respectfully submitted,

_____/s/_____

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

TO:     BY ECF AND FIRST CLASS MAIL
Liza Sohn, Esq.
Assistant Corporation Counsel
*Attorney for Defendants The City of New York,*
*Ilbey Aykac, Michael Costa, Joshua*
*Faranda, and Jesse Ullger*

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
ALEXIS SUTTER,                                              :
                                                           :
                                    Plaintiff,             :
                                                           :
              -against-                                    :
                                                           :
THE CITY OF NEW YORK; ILBEY AYKAC;                         :
MICHAEL COSTA; JOSHUA FARANDA;                             :        14 Civ. 6317 (NRB) (RNE)
THOMAS McCUE; EDWIN REYES; JESSE                           :
ULLGER; and JOHN/JANE DOES, Nos. 1-10                      :
(the names John and Jane Doe being fictitious, as          :
the true names are presently unknown),                     :
                                                           :
                                    Defendants.            :
--------------------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*